IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANHEUSER-BUSCH, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: 4:08cv1666 |
| v. ) | |
| ) | |
| TRANSPLACE.COM, LLC AND ) | |
| GREAT NORTHERN INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendants. ) | |

## CONSENT PROTECTIVE ORDER

For good cause shown, and by consent of the parties, the Court hereby enters the Consent Protective Order:

1. Non-party Federal Insurance Company and Great Northern Insurance Company agrees to produce the underwriting file for the policy of insurance, policy number 000035375892 for the coverage period of July 2002 through July 2003.

2. Certain documents within the underwriting file will include confidential, commercial and proprietary information, the unprotected disclosure which would have an adverse and detrimental impact on the legitimate interests of Great Northern Insurance Company and Transplace. This information includes but is not limited to all information related to the financial condition and business plan of Transplace. This documentation was produced confidentially by Transplace in order to price the above-referenced insurance information. Additionally, the documentation includes proprietary information on pricing and premium information prepared by Great Northern Insurance. Non-party Federal Insurance Company and Great Northern Insurance Company may designate any such information which it believes to be confidential as "confidential" (herein and after "confidential information"). Further, any and all

information setting out the financial condition, assets, liabilities, revenues and expenses of Transplace during the relevant period as well as pricing and premium information prepared by Great Northern Insurance company may be redacted/blacked out from the underwriting file.

3. Documents or other material as designated as confidential information shall be subject to the provision of this stipulation and protective order.

4. All copies of documents or other materials produced and designated as confidential information shall have clearly stamped thereon "confidential" in a place or manner which avoids any interference with the legibility of material.

5. Documents and other materials designated as confidential information stamped "confidential" pursuant to previous paragraphs and the information contained therein shall be used only in connection with the prosecution or defense of this litigation and may be disclosed only as follows:

a) Confidential information may be disclosed to the parties, their attorneys and to members of the paralegal, secretarial or clerical staff (including shorthand reporters) assisting such counsel.

b) Counsel may disclose confidential information to independent experts specifically retained for the purposes of this litigation. Such experts shall agree to be bound by the terms and provisions of this stipulation and protective order by so signifying on a copy of Exhibit A attached hereto and shall destroy all confidential information and all notes made there from at the conclusion of this litigation and certify that such destruction has taken place as provided in paragraph 8 of this stipulation and protective order.

c) Except as provided in subparagraph b of this paragraph, the parties, their counsel, and others with permitted access to the confidential information shall not disclose it to any person or use it for any purpose except the prosecution or defense of this litigation.

d) Except as limited below, confidential information may be used or elicited in party depositions and in the preparation of non-party witnesses for depositions if the deposition witness agrees in writing or on the record to preserve the confidentiality of such confidential information and not to use any such information

6. No copies of confidential information shall be provided to witnesses who are not otherwise entitled to access such documents. The use of confidential information and the taking of depositions, including their use as exhibits in such deposition shall not cause such documents or information to lose their status as confidential information.

7. All confidential information filed as exhibits to any brief, memorandum, pleading or at the trial of this matter, while depositions filed with the Court in which confidential information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be filed with the Court under seal and shall be marked with the following legend: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER."

8. After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this protective order with respect to the dissemination of confidential information shall continue to be binding. All copies of such information received by counsel, including all notes with respect to such information, shall be destroyed at the termination of this litigation and counsel shall certify in writing to counsel for non-party Federal Insurance Company and Defendant Great Northern Insurance Company that such documents have been destroyed. It is stipulated and agreed that the Court shall retain jurisdiction over the parties and recipients of confidential information for enforcement of the provisions of this stipulation and protective order following termination of this litigation.

9. Documents or materials designated as confidential information may be copied or otherwise reproduced without the permission of non-party Federal Insurance Company and

3

defendant Great Northern Insurance Company or an order of the Court by persons entitled to receive such information pursuant to paragraphs 4, 5 and 6 of this stipulation and protective order, provided that the use of such copies is restricted in accordance with the stipulation and protective order. All copies so made shall be deemed confidential information under the terms of this protective order and shall be destroyed at the termination of this litigation as provided for in paragraph 8 herein.

10. This protective order shall be binding upon the parties hereto, their successors, representatives and assigns as well as all counsel for the parties hereto and their paralegals and office employees.

SO ORDERED: _____

Date: 10-20-09

CHILDRESS AHLHEIM CARY LLC

BY: /s/ Thomas J. Lewis
DAVID T. AHLHEIM - #111593
THOMAS J. LEWIS - #529681
1010 Market Street, Suite 500
St. Louis, MO 63101
dahlheim@jchildresslaw.com
tlewis@jchildresslaw.com
Phone: (314) 621-9800
Fax:  (314) 621-9802
Counsel for Defendant Great Northern Insurance Company